IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | |
|---|---|
| **MARKETHIA SMITH** | |
|    Plaintiff, | CIVIL ACTION NO. |
| v. | JURY TRIAL DEMANDED |
| **STAFFMARK HOLDINGS, INC.,** d/b/a STAFFMARK and **FIRST ADVANTAGE BACKGROUND SERVICES CORP.** | COMPLAINT |
|    Defendants. | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Markethia Smith, against Defendants Staffmark Holdings, Inc., d/b/a Staffmark and First Advantage Background Services, Corp. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as amended.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Markethia Smith is an adult individual residing in Dallas, Texas.

5. Defendant Staffmark Holdings, Inc., d/b/a Staffmark ("Staffmark") is a consumer reporting agency that regularly conducts business in the Southern District of Ohio and which has

its headquarters and a principal place of business located at 435 Elm Street, Suite 300, Cincinnati, Ohio. Its registered agent is located at 50 West Broad Street, Suite 1800, Columbus, Ohio.

6. Defendant First Advantage Background Services, Corp. ("First Advantage") is a consumer reporting agency that regularly conducts business in the Southern District of Ohio and which has its headquarters and a principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, Georgia. Its registered agent is located at 50 West Broad Street, Suite 1800, Columbus, Ohio.

## FACTUAL ALLEGATIONS

7. In or around January 2002, Plaintiff was arrested and charged with a felony and several lesser crimes.

8. In or around April 2008, Plaintiff pled guilty to three misdemeanor crimes and the felony charge was reduced to a misdemeanor.

9. In or around March 2015, Plaintiff applied for employment with Staffmark, a staffing agency, for placement at the United Parcel Service ("UPS").

10. As part of her job application, Plaintiff signed a document purportedly authorizing Staffmark to obtain a consumer report for employment purposes.

11. Plaintiff did in fact receive a position through Staffmark at UPS. Plaintiff began her employment in or around early April 2015. Over the next three weeks, Plaintiff went to work every week day at UPS and was paid by Staffmark for her work during those three weeks.

12. Notwithstanding the foregoing, Staffmark requested a consumer report from First Advantage, and First Advantage sold to Staffmark a consumer report concerning the Plaintiff on or around April 22, 2015.

13. The report furnished by First Advantage was for employment purposes.

14. First Advantage has been improperly reporting, and did here report, time-barred, false, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties ("inaccurate information").

15. The inaccurate information includes, but is not limited to, a 2002 felony arrest and felony conviction.

16. First Advantage is inaccurately reporting the felony arrest well past the seven years that it is entitled to report the arrest. This arrest should have been removed from the Plaintiff's criminal file and report in 2009. 15 U.S.C. § 1681c(a)(5).

17. First Advantage is inaccurately reporting the felony conviction, Plaintiff was never convicted of a felony, as is reflected in the actual public records.

18. First Advantage failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Had First Advantage followed such procedures it would have never falsely an inaccurate felony conviction and a time-barred felony arrest on Plaintiff's consumer report.

19. On or around April 26, 2015, a representative of Staffmark orally told Plaintiff that she could not return to the UPS location for work because her background report included a felony, which made her ineligible to continue the position.

20. Plaintiff eventually received a copy of her First Advantage background report in or around April 29, 2015. The background report, which contained the inaccurate information, was the first time that Plaintiff had received or reviewed the background report. Plaintiff received the correspondence more than one week after Staffmark in fact took the adverse action against Plaintiff, in violation of 15 U.S.C. § 1681b(b)(3)(A).

21. Plaintiff disputed the inaccurate criminal information in her background report, and

the background report was corrected on or about May 22, 2015 by First Advantage.

22. Pursuant to their usual policies and practices Staffmark never provided Plaintiff with pre-adverse action notice before taking adverse action against her, and never re-hired, or even contacted Plaintiff, concerning her employment, even after she had the false criminal history corrected through her dispute.

23. Staffmark routinely obtains and uses consumer reports, including background reports, on its job applicants as part of its standard screening process.

24. Staffmark does not perform these background checks in-house. Rather, Staffmark obtains and uses consumer reports purchased from consumer reporting agencies, such as First Advantage.

25. Staffmark typically does not provide job applicants with a copy of their consumer reports before it takes adverse action against them based on the information in such reports, despite being required to do so by 15 U.S.C. § 1681b(b)(3)(A).

26. This practice violates one of the most fundamental protections afforded to job applicants under the FCRA, and also runs counter to longstanding regulatory guidance. The Federal Trade Commission ("FTC") has long held that Section 604(b)(3)(a) [15 U.S.C. § 1681b(b)(3)(A)] "requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information in case the report is inaccurate or incomplete." *See* Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq.

27. A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer *before* taking the adverse action is so the consumer has time to review the report and dispute information that may be inaccurate, or discuss the report with the prospective employer before adverse action is taken. *See* Federal Trade Commission letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken").

28. Consistent with that purpose, federal courts have held that the prospective employer must provide the report to the consumer "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report." *Williams v. Telespectrum, Inc.*, 2006 U.S. Dist. LEXIS 101162, at *18 (E.D. Va. Nov. 7, 2006); *Beverly v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 2266 (E.D. Va. Jan. 11, 2008) (quoting *Williams*). In *Reardon v. Closetmaid Corporation*, 2011 U.S. Dist. LEXIS 45373 (W.D. Pa. April 27, 2011), the court certified a class action for prospective employees who did not receive a copy of their credit report at least five days before being notified that the employer might take adverse action.

29. By means of these cases and others construing 15 U.S.C. § 1681b(b)(3)(A), Staffmark had substantial notice that its conduct violated the FCRA.

30. By failing to provide Plaintiff with a copy of her consumer report *prior to taking adverse action* against her based on the report, Staffmark disregarded the case law, regulatory guidance, and the plain language of the FCRA, § 1681b(b)(3)(A).

31. Defendants' conduct was a result of their deliberate policies and practices, and was taken in reckless disregard for a consumer's rights under the FCRA, and further assumed an unjustifiably high risk of harm.

32. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

33. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
## (PLAINTIFF v. FIRST ADVANTAGE)

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. At all times pertinent hereto, First Advantage was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

36. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

37. At all times pertinent hereto, the above-mentioned background reports or consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

38. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, First Advantage is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681c(a) and § 1681e(b).

39. The conduct of First Advantage was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, First Advantage is liable to the Plaintiff for the

full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – VIOLATIONS OF THE FCRA

### (PLAINTIFF v. STAFFMARK)

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. At all times pertinent hereto, Staffmark was a "person" and a "user of consumer reports for employment purposes" as those terms are defined by 15 U.S.C. § 1681a(b) and § 1681b(b)(3)(A).

42. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

43. At all times pertinent hereto, the above-mentioned background reports or consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

44. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Staffmark is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a user of consumer reports for employment purposes pursuant to 15 U.S.C. § 1681b(b)(3).

45. The conduct of Staffmark was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Staffmark is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

O'TOOLE, McLAUGHLIN, DOOLEY
& PECORA CO., LPA.

By: /s/ Matthew A. Dooley
Matthew A. Dooley (OH Bar 0081482)
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: mdooley@omdplaw.com
*Counsel for Markethia Smith*

## JURY DEMAND

Plaintiff Markethia Smith and the putative class demand a trial by a jury as to all issues presented herein.

By: /s/ Matthew A. Dooley
Matthew A. Dooley (0081482)
*Counsel for Markethia Smith*